THE HONORABLE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE POKÉMON COMPANY INTERNATIONAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN/JANE DOES 1–3,<br><br>Defendants. | No. 2:19-cv-1911<br><br>PLAINTIFF THE POKÉMON COMPANY INTERNATIONAL, INC.'S *EX PARTE* MOTION FOR EXPEDITED DISCOVERY<br><br>NOTE ON MOTION CALENDAR: November 22, 2019 |

Plaintiff The Pokémon Company International, Inc. ("Plaintiff" or "TPCi"), moves this Court for an order under Federal Rule of Civil Procedure 26(a)(1) authorizing TPCi to take discovery before a Rule 26(f) conference for the limited purpose of learning the identities of Defendants John/Jane Does 1–3 ("Defendants").  Using Discord, Defendants leaked more than a dozen images from TPCi's *Pokémon Sword and Shield: The Official Galar Region Strategy Guide* ("Strategy Guide"), which TPCi created to accompany the release of two highly anticipated video games, Pokémon Sword and Pokémon Shield.  The leak spread quickly across the Internet among Pokémon fans eagerly awaiting Pokémon Sword and Pokémon Shield.  TPCi and its partners were diligent and worked hard to keep the Strategy Guide and its content secret before the launch of Pokémon Sword and Pokémon Shield and the release of the Strategy Guide.

MOTION FOR EXPEDITED DISCOVERY
(No. 2:19-cv-1911) – 1

146323435.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Defendants' leak undermined these efforts and harmed TPCi.  TPCi sued Defendants to hold them accountable and now seeks leave to conduct limited discovery into Defendants' identities.

## I.     BACKGROUND

### A.     TPCi and its Trade Secrets

TPCi is an internationally renowned media franchise centered on fictional Pokémon characters featured in video games, trading cards, animated television shows, movies, comic books, toys, apparel, and accessories (collectively the "Pokémon Universe").  Compl. (Dkt. No. 1) ¶ 11.  A key part of the Pokémon Universe is the Pokémon video game series, a group of role-playing games in which players capture, train, battle and trade Pokémon with the goal of becoming a champion Pokémon Trainer.  *Id.* ¶ 12.  New video games in the series feature new Pokémon, characters, landscape, and gameplay that define the generation.

GAME FREAK and Nintendo started releasing Pokémon video games in 1996.  TPCi worked with GAME FREAK and Nintendo on development of the most recent games, Pokémon Sword and Pokémon Shield, which were released on November 15, 2019.  *Id.* ¶¶ 14–15.  There are a variety of new Pokémon and multiple regional variants of Pokémon in Pokémon Sword and Pokémon Shield.  *Id.* ¶ 20.  In addition to the new Pokémon, Pokémon Sword and Pokémon Shield introduce a new environment (a region called Galar) and gameplay features.  *Id.* ¶ 17.  Two of the most exciting new features are Dynamax and Gigantamax.  *Id.* ¶ 18.  A Pokémon "Dynamaxes" when it increases its size and strength for battle.  *Id.*  A Pokémon "Gigantamaxes" when it changes shape and increases its power for battle.  *Id.*  Only certain Pokémon can Gigantamax.  *Id.*  It is up to players to learn how to deploy these new skills as they master the games.  *Id.* ¶¶ 18–20.  Part of the thrill of playing the games is discovering new Pokémon, landscapes, and features.  *Id.*

TPCi developed an official strategy guide, *Pokémon Sword & Pokémon Shield: The Official Galar Region Strategy Guide*, for Pokémon Sword and Pokémon Shield.  *Id.* ¶ 21.  The Strategy Guide includes tips and tricks on how to play the games, as well as images of Galar

MOTION FOR EXPEDITED DISCOVERY
(No. 2:19-cv-1911) – 2

146323435.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Pokémon. *Id.* ¶ 21. The Strategy Guide is available for purchase on November 22. *Id.* ¶ 22. Critically, the Strategy Guide contains components of Pokémon Sword and Pokémon Shield that TPCi and its partners worked to keep secret prior to the games' launch. *Id.* ¶ 23. This includes images and descriptions of new Pokémon as well as images of new evolutions for existing Pokémon. *Id.* It also includes tips about which Galar Pokémon can Gigantamax and where in Galar Trainers can deploy that skill. *Id.* ¶ 24.

Prior to the release of Pokémon Sword and Pokémon Shield, information about the games' content was treated with the utmost secrecy. *Id.* ¶ 26. For example, TPCi performed background checks on employees, stored game content files on secure computers, restricted access to game working files to a limited number of individuals (who could only gain access to files by entering a username and password), allowed those individuals to transfer game files using only secured methods, used digital measures to trace and mark files to prevent unauthorized access, and required users with access to games files to sign non-disclosure agreements. *Id.*

These measures also apply to the Strategy Guide. *Id.* ¶ 27. In addition, TPCi requires contractors who work on the Strategy Guide to sign non-disclosure agreements. *Id.* Moreover, only vendors involved in the printing process have permission to print physical copies of the Strategy Guide, and those vendors must also sign non-disclosure agreements. *Id.* ¶¶ 27–28. Physical copies of the Strategy Guide are stored in secure locations under tarps, and individuals with access to the printed guides are not permitted to bring cell phones or cameras into the areas where the Strategy Guides are stored. *Id.*

B.  **Defendants' Wrongdoing**

Over the course of approximately fifteen hours on November 1 and 2, 2019, Defendants worked together to leak more than a dozen images from the Strategy Guide on Discord. *Id.* ¶ 30. It appears from the leaked images that one of the defendants used a cell phone to surreptitiously take pictures of the Strategy Guide. *See, e.g.*, *id.* ¶¶ 31–32 & Exs. 1–38. That defendant then

MOTION FOR EXPEDITED DISCOVERY
(No. 2:19-cv-1911) – 3

146323435.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

worked with others to post the images on Discord. *Id.* The leaked images revealed never-before-seen Pokémon, including their special forms and attributes, that TPCi and its partners had, up until that time, kept secret. *See, e.g., id.*, Exs. 1–2. The pictures went viral. *Id.* ¶ 35. Within minutes of the first Discord post for each picture, that picture was re-posted on 4chan and other online forums such as Reddit, Facebook, Twitter and Imgur. *Id.* ¶¶ 35–39.

With these posts, Defendants disclosed images of multiple Pokémon and their attributes (such as Gigantamax version and strengths and weaknesses), as well as new evolutions for existing Pokémon. This information had not previously been revealed to the public—TPCi kept it secret to build anticipation for the release of Pokémon Sword and Pokémon Shield.

**C.     TPCi's Investigation**

TPCi responded decisively to Defendants' leak. It identified over 300 URLs on dozens of platforms where the leaked images could be found. Declaration of Holly M. Simpkins in Support of Plaintiff's Ex Parte Motion ("Simpkins Decl.") ¶ 3. To mitigate the damage caused by Defendants' leaks, TPCi submitted hundreds of takedown requests to platforms to remove the leaked images. *Id.*

TPCi also took immediate action to investigate the source of the leak, ultimately identifying four key individuals. The first individual, Doe 1 (referred to by his Discord username WolfenX#5356) supplied the leaked images that Defendants posted on Discord. *See id.*, Ex. 2 ("@WolfenX wanted me to send this as well"). The second individual, Doe 2, is a person WolfenX referred to on Discord as his "source," and may be a source of the leaked images. Simpkins Decl., Ex. 5. The third individual, Doe 3, is Discord user Uxinator#3307 who posted leaked images on WolfenX's behalf. *See* Compl., Exs. 31–38. The fourth individual is Discord user DimensioNz#3307, believed to be a man living in Milwaukee, Wisconsin, who also helped WolfenX post images to Discord.[1] *See id.*, Exs. 1–30.

---

[1] TPCi has elected not to identify DimensioNz#3307 or name him as a defendant at this time but it reserves the right to do so in the future.

MOTION FOR EXPEDITED DISCOVERY
(No. 2:19-cv-1911) – 4

146323435.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

In addition to legal counsel, TPCi hired outside forensic investigators to assist in its search for the source of the leaks. Simpkins Decl. ¶ 4. TPCi focused its search on Pokémon dedicated-threads on Reddit, 4chan, and Discord, where the leak appeared to have originated. *Id.* ¶ 5. TPCi scoured 4chan for information about the leaker. *Id.* A post on 4chan led to a Discord server, PokeJungle, and two Discord usernames, WolfenX#5356 and Pklk, believed to be associated with the leaks. *Id.* ¶ 6, Ex. 1. A review of the PokeJungle Discord server led to another Discord server, "r/Pokémon" and a channel within r/Pokémon called #pokemon_leaks. *Id.* ¶ 7.

TPCi reviewed #pokemon_leaks to identify the first instance of each leaked image. Compl., Exs. 1–38. Three Discord usernames associated with the leak were identified: WolfenX#5356, DimensioNz#3307, and Uxinator #3307. Simpkins Decl., Exs. 2–4, 8. From examining posts on Discord, WolfenX#5356 appears to be the individual who took the illicit Strategy Guide photographs. WolfenX#5356 claimed he "took the pic myself" before working with DimensioNz#3307, and later Uxinator#3307 to post images of never-before-seen Pokémon on Discord. *Id.*, Ex. 2; Compl., Exs. 31–38. But WolfenX#5356 also suggested on Discord that he worked with a "source" who provided the images and/or Strategy Guide. *See* Simpkins Decl., Ex. 5 (referencing "source"); *id.* Ex. 6 ("Ok imma be honest, this pic ill post i didnt take"). WolfenX's source is Doe 2.

TPCi attempted to identify WolfenX#5356's real name by researching his online presence. Searches on open sources were fruitless. *Id.* ¶ 10.

TPCi used similar searches to uncover the identity of Discord user DimensioNz#3307, who worked with WolfenX to distribute the leaked images. *Id.* ¶ 11. These searches suggest that DimensioNz#3307 is a man living in Milwaukee. *Id.*, Ex. 7. At this time, TPCi has elected not to name DimensioNz#3307 as a defendant.

TPCi used similar techniques to research Uxinator#3307. *Id.* ¶ 12, Ex. 8. TPCi ran searches on open sources for individuals with the username Uxinator#3307. *Id.* ¶ 12. TPCi

MOTION FOR EXPEDITED DISCOVERY
(No. 2:19-cv-1911) – 5

146323435.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

located a Twitch account possibly belonging to Uxinator#3307, but the account did not include identifying information. *Id.*, Ex. 8.

## II. ARGUMENT

A court may authorize discovery to be taken before the parties' Rule 26(f) conference for "good cause." Fed. R. Civ. P. 26(d)(1); *Nat'l Prods., Inc. v. Does 1–4*, Case No. C16-0702JLR, 2016 WL 2989971, at *2 (W.D. Wash. May23, 2016) ("Courts within the Ninth Circuit generally consider whether a plaintiff has shown 'good cause' for such early discovery."). Good cause generally exists where the need for expedited discovery outweighs the prejudice to the party from whom discovery is sought. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "[W]here the identity of alleged defendants [is not] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quotation omitted). Courts "routinely permit early discovery for the limited purpose of identifying 'Doe' defendants on whom process could not otherwise be served." *ZG TOP Techs. Co. Ltd. v. Doe*, Case No. C19-92-RAJ, 2019 WL 917418, at *2 (W.D. Wash. Feb. 25, 2019); *see also Nat'l Prods.*, 2016 WL 2989971, at *2 (granting *ex parte* request for limited discovery to uncover identity of Doe defendants in trademark and unfair competition suit); *Bodyguard Prods., Inc. v. Doe 1*, Case No. C17-1647-RSM, 2018 WL 1470873, at *2 (W.D. Wash. Mar. 26, 2018).

To determine whether "good cause" exists, courts consider whether Plaintiff:

> (1) identifies the John Doe defendant with sufficient specificity that the Court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process.

*Nat'l Prods.*, 2016 WL 2989971, at *2. Discovery should be allowed because TPCi satisfies each of these criteria and the need for discovery outweighs any prejudice to the responding party.

MOTION FOR EXPEDITED DISCOVERY
(No. 2:19-cv-1911) – 6

146323435.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### A. Defendants Are Real People

The first element requires plaintiff to show that the Doe is a "real person[] who can be sued in federal court." *Id*. In *National Products*, this element was met when plaintiff "provided evidence to support its claims that John Does 1–4 are sellers on Amazon.com using fictitious names to sell products that infringe upon NPI's trademark." *Id.*

The first element is met here. One of the defendants—likely WolfenX or his source—took pictures of an unreleased Strategy Guide and then worked with another unknown defendant (Uxinator#3307) to publish them on Discord. Compl., Exs. 1–38. Defendants' conversations around the leak, visible on Discord, confirm that they are real people. Simpkins Decl., Exs. 2–4. Claiming he was having difficulty with Discord, the primary leaker—WolfenX#5356—asked for help posting the leaked images. *Id.*, Ex. 4 ("I'm new to discord lol"). Discord user DimensioNz offered to help and eventually posted the leaked images on WolfenX's behalf. Compl., Ex. 3 ("@WolfenX wanted me to send this as well"). Uxinator#3307 later seized this mantle, posting images on behalf of WolfenX when DimensioNz#3307 was no longer available. *Id.*, Exs. 31–38. When discussing with others on the Discord server whether the images were real, WolfenX#5356 commented "No one has seen that machamp" and "I took the pics myself." Simpkins Decl., Ex. 2. But WolfenX#5356 also suggested that he worked with a "source" to steal the images. *Id.*, Ex. 5. These posts are not the work of a bot. WolfenX and the others he worked with (including his source and Uxinator#3307) are real people subject to suit in federal court. The first element is met.[2]

### B. TPCi Took Reasonable Steps To Ascertain Defendants' Identity

The second factor requires a party to identify the steps taken to locate the defendant. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 579 (N.D. Cal. 1999). "This element is

---

[2] Defendants are subject to personal jurisdiction in this court because they expressly aimed their actions at TPCi, a Washington business, knowing the effects of their tort would be felt here. *Microsoft Corp. v. Mountain W. Computers, Inc.*, Case No. C14-1772-RSM, 2015 WL 4479490, at *7 (W.D. Wash. July 22, 2015).

MOTION FOR EXPEDITED DISCOVERY
(No. 2:19-cv-1911) – 7

146323435.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

aimed at ensuring that plaintiffs make a good faith effort to comply with the requirements of service of process and specifically identifying defendants." *Id.*

This element is satisfied because TPCi has attempted in good faith to identify the Defendants but has been unable to do so. WolfenX#5356, Uxinator#3307, and WolfenX#5356's "source" all concealed their identities by, among other things, choosing to post the leaked images on Discord, which permits users to post anonymously or under usernames. Compl. ¶ 34. TPCi nevertheless took reasonable steps to identify them. TPCi identified WolfenX#5356 on Discord and discovered he leaked the Strategy Guide images through two other Discord users, DimensioNz and Uxinator. Compl., Exs. 1–38; Simpkins Decl., Exs. 2–4. WolfenX#5356 claims he photographed the Strategy Guide and was the first to disclose the images, but he also suggested he had a "source." Simpkins Decl., Ex. 5. TPCi worked with an outside investigator and counsel to research WolfenX#5356's and Uxinator#3307's Internet presences and connect the user names to real people. For example, open sources were searched as well as forums, other than Discord, where leaked images had been posted, including 4chan and Reddit. *Id.* ¶¶ 10–12.

Finally, TPCi and the outside investigators scrutinized Discord, 4chan, and Reddit for any verbiage associated with the leaked images that would identify the leaker. *Id.* ¶ 4. Despite these efforts, TPCi was unable to identify Defendants' true identities.

TPCi's investigation is sufficient to meet the second prong. *Twitch Interactive, Inc. v. Does 1–100*, 19-cv-03418-WHO, 2019 WL 3718582, at *3 (N.D. Cal. Aug. 7, 2019) (plaintiff identified usernames associated with Defendants and attempted to track those usernames); *see also Bodyguard Prods.*, 2018 WL 1470873, at *2 (plaintiff used private investigator to identify IP address defendant used to post infringing video); *Nat'l Prods.*, 2016 WL 2989971, at *2 (element met when "NPI repeatedly contacted Amazon.com, explaining the legal basis for NPI's claims and requesting that Amazon.com identify John Does 1-4.").

C.  **TPCi's Trade Secret Claims Are Likely To Survive a Motion to Dismiss**

The third factor considers whether a plaintiff's claim would survive a motion to dismiss.

MOTION FOR EXPEDITED DISCOVERY
(No. 2:19-cv-1911) – 8

146323435.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*See Strike 3 Holdings LLC v. Doe*, Case No. 18-cv-06938-WHO, 2019 WL 402358, at *2 (N.D. Cal. Jan. 31, 2019).

The Complaint alleges breach of the Defend Trade Secrets Act ("DTSA") and the Washington Uniform Trade Secrets Act ("WUTSA"), which have similar elements. *See Keane v. 40 Years, Inc.*, Case No. C18-1768 RSM, 2019 WL 77436, at *4 n.3 (W.D. Wash. Jan. 2, 2019) (no material difference between DTSA and WUTSA). Under both the DTSA and WUTSA, a "trade secret" is information that "[d]erives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use" and "is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." RCW 19.108.010(4); 18 U.S.C. §§ 1839(3)(A), (B). To state a claim for trade secret misappropriation, a plaintiff must plead: 1) it owns, licenses or possesses a trade secret; 2) the defendant acquired, disclosed, or used the plaintiff's trade secret through improper means; and 3) the defendant's actions damaged the plaintiff. 18 U.S.C. §§ 1836, 1839; RCW 19.108.010; *see also Seattle Sperm Bank, LLC v. Cryobank Am., LLC*, Case No. C17-1487 RAJ, 2018 WL 3769803, at *4 (W.D. Wash. Aug. 9, 2018) (listing elements of both statutes).[3]

TPCi's allegations are more than sufficient to withstand a motion to dismiss on its trade secret misappropriation claims. The Strategy Guide images are trade secrets under the DTSA and WUTSA. As explained in the Complaint, the leaked images derived independent economic value from not being known to the general public. *See* RCW 19.108.010(4). TPCi alleges that the "videogame industry is highly competitive with thousands of new games released annually," and in order to build interest and excitement around its new games, TPCi and its partners "carefully time announcements about new Pokémon, features and functionality" in new games. Compl. ¶ 4. Part of TPCi's publicity strategy around Pokémon Sword and Pokémon Shield

---

[3] The DTSA additionally requires a connection to interstate or foreign commerce. 18 U.S.C. § 1836(b)(1).

MOTION FOR EXPEDITED DISCOVERY
(No. 2:19-cv-1911) – 9

146323435.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

involved keeping key components of the game secret, including the new Pokémon and evolutions Defendants leaked, to generate excitement surrounding the launch and entice fans to buy the games and discover the new Pokémon. *Id.* ¶ 29. These allegations are sufficient to show that there was value in the Strategy Guide's secrecy. *See, e.g., Mattel, Inc. v. MTA Entm't, Inc.*, No. CV 04-9049 DOC, 2011 WL 3420571, at *7 (C.D. Cal. Apr. 4, 2011) ("A reasonable jury could certainly conclude that MGA had a tremendous economic interest in maintaining the secrecy of its unreleased products' features so as to prevent Mattel from copying these 'crucial' features and exploiting the 'potential benefit of primacy' in the toy industry.").

TPCi also took reasonable steps to maintain the secrecy of the Strategy Guide. Among other things, TPCi and its partners required background checks for employees that had access to pre-release game elements, stored game content on secure computers, restricted access to pre-release game working files, allowed individuals with access to transfer game files using only secure methods, used digital measures to trace and mark files to prevent unauthorized access, and required users with access to pre-release game material to sign non-disclosure agreements. Compl. ¶ 26. TPCi takes additional measures to specifically protect the Strategy Guide. TPCi does not allow copies or proofs of the Strategy Guide to be printed at its offices. *Id.* ¶ 28. The only physical copies of the Strategy Guide created during the production process are created by vendors, and each production vendor must sign a non-disclosure agreement and provide an elevated security plan. *Id.* ¶¶ 27–28. Printed copies of the Strategy Guide are kept in secure areas with limited access, and the books are concealed under tarps. *Id.* ¶ 28.

These allegations are enough to show reasonable efforts to maintain secrecy. *Machen, Inc. v. Aircraft Design, Inc.*, 65 Wn. App. 319, 327 (1992) ("[R]easonable efforts to maintain secrecy have been held to include advising employees of the existence of a trade secret, limiting access to a trade secret on 'need to know basis,' and controlling plant access."), *overruled on other grounds by Waterjet Tech., Inc. v. Flow Int'l Corp.*, 140 Wash.2d 313 (2000); *Monster Energy Co. v. Vital Pharm., Inc.*, Case No. EDCV 18-1882 JBG, 2019 WL 2619666, at *10

MOTION FOR EXPEDITED DISCOVERY
(No. 2:19-cv-1911) – 10

146323435.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

(C.D. Cal. May 20, 2019) (allegations Monster used "confidentiality agreements and the implementation of security technology" sufficient at the pleading stage); *T-Mobile USA, Inc. v. Huawei Device USA, Inc.*, 115 F. Supp. 3d 1184, 1193 (W.D. Wash. 2015) (similar).

TPCi's allegations meet the remaining elements of a claim for trade secret misappropriation. TPCi pleads that it owns, possesses or controls the Strategy Guide's trade secrets. Compl. ¶ 21; 18 U.S.C. § 1839(4) (owner of a trade secret defined broadly to include licensee); *DTM Research, LLC v. AT&T Corp.*, 245 F.3d 327 (4th Cir. 2001) (analyzing Maryland uniform trade secret act, which mirror's Washington's, and concluding that possession is sufficient to satisfy the "ownership" element). Defendants misappropriated and disclosed these trade secrets without TPCi's permission. WolfenX#5356 bragged on Discord that he "took the pic myself" while convincing other Discord users, DimensioNz and Uxinator, to post several never-before-seen images of new and evolved Pokémon from the Strategy Guide. Simpkins Decl., Ex. 2. WolfenX#5356 also mentioned a "source," who supposedly helped him steal TPCi's secrets. *Id.*, Ex. 5. The leak spread near-instantaneously—Pokémon enthusiasts reposted the leaked images to 4chan, Reddit, Imgur, Facebook, Instagram, and dozens of other websites. Compl. ¶¶ 35–39. This amounts to both "misappropriation" and "disclosure" under the DTSA and WUTSA. *See Ed Nowogroski Ins., Inc. v. Rucker*, 137 Wash.2d 427 (1999) (employees that memorized and disclosed consumer list liable for trade secret infringement).

Finally, TPCi was harmed. Defendants' leak "harmed TPCi by disrupting its ability to market Pokémon Sword and Pokémon Shield and the Strategy Guide, reducing the fan interest and engagement TPCi and its partners generate by keeping key elements of the games secret, and disclosing certain of the contents of the unreleased Strategy Guide, which gamers purchase to obtain the information Defendants leaked." Compl. ¶ 42.

D.   **Discovery Is Likely To Lead To Defendants' Identity**

The final factor concerns whether there is a reasonable likelihood the proposed discovery will uncover the identities of the Doe defendants. *Columbia*, 185 F.R.D. at 579. TPCi seeks

MOTION FOR EXPEDITED DISCOVERY
(No. 2:19-cv-1911) – 11

146323435.5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

leave to subpoena Discord, 4chan and the individual who used the "DimensioNz#3307" Discord handle, for identifying information associated with the users that posted the leaked images. TPCi will seek identifying information associated with the images, IP address, email address, secondary or recovery email address, records of session times and duration, and any other identifying information. *See* Simpkins Decl., Exs. 9–11 (proposed subpoenas). Subpoenas to Discord, 4chan and DimensioNz#3307 should yield identification information behind the primary leaker, WolfenX#5356, as well as Uxinator#3307 and potentially WolfenX's source. *See Twitch Interactive*, 2019 WL 3718582, at *5 (granting motion for expedited discovery that included serving subpoenas to Discord and other social media companies).

### E. There Is No Prejudice From the Proposed Discovery

The proposed discovery will not prejudice the responding parties. *See Semitool*, 208 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."). Discord and 4chan are established social media companies that routinely deal with discovery requests, and the proposed subpoenas seek only limited information. Simpkins Decl., Exs. 9–11. Additionally, the subpoena to DimensioNz#3307 is narrowly tailored to seek only identifying information about WolfenX. *Id.*, Ex. 11. These companies and individual would suffer little burden from producing data regarding account information. And, TPCi will be unable to locate and serve Defendants without the requested discovery. Accordingly, TPCi's need for discovery to identify Defendants outweighs any prejudice to the responding parties.

### III. CONCLUSION

For the foregoing reasons, TPCi respectfully requests that the Court grant its application for limited expedited discovery and permit it to serve third-party subpoenas on Discord, 4chan, and DimensioNz#3307.

MOTION FOR EXPEDITED DISCOVERY
(No. 2:19-cv-1911) – 12

146323435.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DATED this 22nd day of November, 2019.

        s/*Holly M. Simpkins*
Holly M. Simpkins, WSBA No. 33297
Lauren W. Staniar, WSBA No. 48741
Jacob P. Dini, WSBA No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
E-mail:  hsimpkins@perkinscoie.com
E-mail:  lstaniar@perkinscoie.com
E-mail:  jdini@perkinscoie.com

Attorneys for Plaintiff
The Pokémon Company International, Inc.

MOTION FOR EXPEDITED DISCOVERY
(No. 2:19-cv-1911) – 13

146323435.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000