THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE POKÉMON COMPANY INTERNATIONAL, INC., a Delaware corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN/JANE DOES 1–3,<br><br>　　　　　　　Defendants. | No. 2:19-cv-1911<br><br>PLAINTIFF THE POKÉMON COMPANY INTERNATIONAL, INC.'S *EX PARTE* MOTION FOR ADDITIONAL DISCOVERY<br><br>NOTE ON MOTION CALENDAR:<br>January 21, 2020 |

　　　　Plaintiff The Pokémon Company International, Inc. ("TPCi"), moves this Court for an order under Federal Rule of Civil Procedure 26(a)(1) authorizing TPCi to take additional discovery before a Rule 26(f) conference for the limited purpose of learning the identity of Defendants Doe 1, known by Discord username "WolfenX," and Doe 3, known by Discord username "Uxinator."  On December 10, 2019, this Court granted TPCi's first *ex parte* motion for expedited discovery to serve subpoenas on Discord, a Discord user, and 4chan.  Dkt. No. 5. Shortly thereafter, TPCi served third-party subpoenas on the individual and entities, and each has now responded.  Despite these responses, TPCi has been unable to definitively identify WolfenX and Uxinator who were responsible for leaking images from TPCi's *Pokémon Sword and Shield: The Official Galar Region Strategy Guide* ("Strategy Guide").  From the Discord subpoena

MOTION FOR ADDITIONAL DISCOVERY
(No. 2:19-cv-1911) – 1

146905697.3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

response, TPCi learned of IP addresses and email addresses that are associated with WolfenX and Uxinator.

TPCi now moves this Court for an order allowing it to send subpoenas to third-parties Charter Communications Inc., Verizon Wireless, and Google that are reasonably likely to lead to the identity of the individuals who leaked the images of the Strategy Guide. TPCi also requests that this Court permit it to serve additional third-party subpoenas, if necessary, to identify WolfenX and Uxinator based on the responses from these three subpoenas. Good cause exists to allow the proposed discovery.

## I.   BACKGROUND

TPCi is an internationally renowned media franchise centered on fictional Pokémon characters featured in a variety of media and merchandise. Compl. (Dkt. No. 1) ¶ 11. TPCi worked with GAME FREAK and Nintendo on the release of the newest Pokémon video games, Pokémon Sword and Pokémon Shield, on November 15, 2019. *Id.* ¶¶ 14–15. TPCi developed the Strategy Guide for Pokémon Sword and Pokémon Shield that contained images and descriptions of never-before-seen Pokémon from these games and their evolutions, to be released on November 22, 2019. *Id.* ¶ 21–22.

But on November 1 and 2, 2019, Defendants leaked more than a dozen images from the Strategy Guide without TPCi's authorization. *Id.* ¶ 30. It appears from the leaked images that pictures of the Strategy Guide were taken on a cell phone and then posted to Discord. *Id.* ¶¶ 31–32 & Exs. 1–38. Through these posts, Defendants disclosed images of multiple new Pokémon and their attributes, as well as new evolutions for existing Pokémon. *Id.*

TPCi took immediate action to take down the websites where the leaked images could be found, investigate the source of the leak, and file this lawsuit. Dkt. No. 1. TPCi then moved, *ex parte*, to serve third-party subpoenas on Discord, 4chan, and DimensioNz#3307. Dkt. No. 3. The Court granted TPCi's motion on December 10, 2019, and TPCi sent the subpoenas for service the next day. Dkt. No. 5; Declaration of Holly M. Simpkins ("Simpkins Decl.") ¶ 2.

MOTION FOR ADDITIONAL DISCOVERY
(No. 2:19-cv-1911) – 2

146905697.3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

TPCi has received responses to each subpoena; however, TPCi does not have sufficient information to definitively identify key players WolfenX and Uxinator. *Id.* ¶ 2. TPCi obtained multiple IP addresses and email addresses from the Discord subpoena response that are connected to WolfenX and Uxinator. TPCi obtained nine IP addresses through which the WolfenX account logged into Discord. *Id.* ¶ 4. Seven of these IP addresses ping to the Tampa, Florida area. *Id.* These seven IP addresses are associated with Charter Communications Inc. and Verizon Wireless. *Id.* TPCi also obtained eighteen IP addresses through which Uxinator logged into Discord. *Id.* ¶ 5. The IP records show that Uxinator logged into Discord hundreds of times since June 2019. *Id.* The majority of these logins occurred using two IP address that ping to Lutz, Florida that are associated with Charter Communications Inc. *Id.* TPCi also learned of Gmail addresses connected with the WolfenX and Uxinator Discord accounts. *Id.* ¶ 6.

## II.     ARGUMENT

A court may authorize discovery to be taken before the parties' Rule 26(f) conference for "good cause." Fed. R. Civ. P. 26(d)(1); *Nat'l Prods., Inc. v. Does 1–4*, Case No. C16-0702JLR, 2016 WL 2989971, at *2 (W.D. Wash. May 23, 2016) ("Courts within the Ninth Circuit generally consider whether a plaintiff has shown 'good cause' for such early discovery."). Good cause generally exists where the need for expedited discovery outweighs the prejudice to the party from whom discovery is sought. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "[W]here the identity of alleged defendants [is not] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quotation omitted). Courts "routinely permit early discovery for the limited purpose of identifying 'Doe' defendants on whom process could not otherwise be served." *ZG TOP Techs. Co. Ltd. v. Doe*, Case No. C19-92-RAJ, 2019 WL 917418, at *2 (W.D. Wash. Feb. 25, 2019); *see also Bodyguard Prods., Inc. v. Doe 1*, Case No.

MOTION FOR ADDITIONAL DISCOVERY
(No. 2:19-cv-1911) – 3

146905697.3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

C17-1647-RSM, 2018 WL 1470873, at *2 (W.D. Wash. Mar. 26, 2018). Courts also permit additional expedited discovery where the initial discovery revealed new IP addresses associated with the Doe Defendants. *See* Order Granting Plaintiff's *Ex Parte* Application for Additional Expedited Discovery, *Sapient Corp. v. Does 1-50*, Case No. 18-cv-01681-WHO, Dkt. No. 23 (N.D. Cal. Apr. 12, 2018).

> To determine whether "good cause" exists, courts consider whether plaintiff:
>
> (1) identifies the John Doe defendant with sufficient specificity that the Court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process.

*Nat'l Prods.*, 2016 WL 2989971, at *2. Courts have also granted requests, like TPCi's, to serve additional follow-up subpoenas based on information learned from the authorized subpoenas without filing an additional motion to the Court. *See POW Nevada, LLC v. Doe 1*, Case No. C17-1649 RSM, 2018 WL 1470869, at *2 (W.D. Wash. Mar. 26, 2018) (permitting plaintiff to serve additional subpoenas if the ISP served by the authorized subpoena "identifies downstream ISPs"); *Bodyguard Prods.*, 2018 WL 1470873, at *2. Additional discovery should be allowed because TPCi satisfies each of these criteria and the need for discovery outweighs any prejudice to the responding parties.

**A.     WolfenX and Uxinator Are Real People**

The first element requires plaintiff to show that the Doe is a "real person[] who can be sued in federal court." *Nat'l Prods.*, 2016 WL 2989971, at *2. In *National Products*, this element was met when plaintiff "provided evidence to support its claims that John Does 1–4 are sellers on Amazon.com using fictitious names to sell products that infringe upon NPI's trademark." *Id.* By granting TPCi's first *ex parte* motion, this Court determined that defendants, including WolfenX and Uxinator, are real people. Dkt. No. 5. The first element is met. WolfenX's and Uxinator's respective conversations in the Discord channel confirm that the two

MOTION FOR ADDITIONAL DISCOVERY
(No. 2:19-cv-1911) – 4

146905697.3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

are real people.  Compl. Exs. 1–38; Simpkins Decl., Ex. A.  These conversations are not the work of bots.  WolfenX and Uxinator are real people subject to suit in federal court.[1]

**B.     TPCi Took Reasonable Steps To Ascertain Defendants' Identities**

The second factor requires a party to identify the steps taken to locate the defendant. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 579 (N.D. Cal. 1999).  "This element is aimed at ensuring that plaintiffs make a good faith effort to comply with the requirements of service of process and specifically identifying defendants." *Id.*

This element is satisfied because TPCi has continued its good faith efforts to identify WolfenX and Uxinator but has been unable to do so.  As TPCi explained in its first *ex parte* motion, TPCi investigated Discord, 4chan, and other social media platforms to identify Defendants.  Dkt. No. 3 at 4–5.  TPCi continued its investigation after receiving the subpoena responses.  TPCi attempted to examine the metadata associated with the images sent by WolfenX (which may have contained geolocation tags) but found that the metadata had been stripped from the images.  Simpkins Decl. ¶ 3.  TPCi also learned of nine IP addresses connected to the WolfenX Discord account, and through additional investigation it learned that seven of these IP addresses (and those that accounted for the vast majority of WolfenX's logins to Discord) ping to the Tampa, Florida area.  *Id.* ¶ 4.  TPCi obtained eighteen IP addresses connected to the Uxinator Discord account, and through the same process learned that two of these IP addresses accounted for the majority of logins on the Uxinator account and that these IP addresses ping to Lutz, Florida.  *Id.* ¶ 5.  TPCi also learned of Gmail addresses associated with each account.  *Id.* ¶ 6.  Nevertheless, TPCi has not been able to definitively identify the individuals behind the accounts.  TPCi has made a good faith effort to exhaust its non-judicial means to identify WolfenX and Uxinator and now seeks additional, targeted subpoenas to learn their identities.

---

[1] Defendants are subject to personal jurisdiction in this court because they expressly aimed their actions at TPCi, a Washington business, knowing the effects of their tort would be felt here.  *Microsoft Corp. v. Mountain W. Computers, Inc.*, Case No. C14-1772-RSM, 2015 WL 4479490, at *7 (W.D. Wash. July 22, 2015).

MOTION FOR ADDITIONAL DISCOVERY
(No. 2:19-cv-1911) – 5

146905697.3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

### C. TPCi's Trade Secret Claims Are Likely To Survive a Motion to Dismiss

The third factor considers whether a plaintiff's claim would survive a motion to dismiss. *See Strike 3 Holdings LLC v. Doe*, Case No. 18-cv-06938-WHO, 2019 WL 402358, at *2 (N.D. Cal. Jan. 31, 2019). TPCi's complaint alleges breach of the Defend Trade Secrets Act and the Washington Uniform Trade Secrets Act. Dkt. No. 1. Through its grant of TPCi's first motion, this Court determined that TPCi's complaint could withstand a motion to dismiss on both counts. Dkt. No. 5.

### D. Discovery Is Likely To Lead To WolfenX and Uxinator's Identities

The final factor concerns whether there is a reasonable likelihood the proposed discovery will uncover the identities of the Doe defendant. *Columbia*, 185 F.R.D. at 579. Subpoenas to Charter Communications Inc., Verizon Wireless, and Google requesting IP session times and subscriber information, including name, physical address, email address, and/or telephone number, should yield information sufficient to identify WolfenX and Uxinator. *See Twitch Interactive, Inc. v. Does 1 Through 100*, Case No. 19-cv-03418-WHO, 2019 WL 3718582, at *5 (N.D. Cal. Aug. 7, 2019) (granting motion for expedited discovery that included serving subpoenas to Google and Internet Service Providers such as Comcast and Charter); Simpkins Decl., Exs. A–C (proposed subpoenas).

### E. There Is No Prejudice from the Proposed Discovery

The proposed discovery will not prejudice the responding parties. *See Semitool*, 208 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."). Charter Communications Inc., Verizon Wireless, and Google are established companies that routinely deal with discovery requests, and the proposed subpoenas seek only limited information. Simpkins Decl., Exs. A–C. These companies would suffer little burden from producing data regarding account information. And, TPCi will be unable to locate and serve

MOTION FOR ADDITIONAL DISCOVERY
(No. 2:19-cv-1911) – 6

146905697.3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  Defendants without the requested discovery. Accordingly, TPCi's need for discovery to identify
2  Defendants outweighs any prejudice to the responding parties.

### III. CONCLUSION

For the foregoing reasons, TPCi respectfully requests that the Court grant its motion for additional, limited discovery and permit it to serve third-party subpoenas on Charter Communications Inc., Verizon Wireless, and Google, as well as to serve follow-up subpoenas based on the information received from the subpoenas to Charter, Verizon and Google.

DATED this 21st day of January, 2020.

*s/ Holly M. Simpkins*
Holly M. Simpkins, WSBA No. 33297
Lauren W. Staniar, WSBA No. 48741
Jacob P. Dini, WSBA No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
E-mail: hsimpkins@perkinscoie.com
E-mail: lstaniar@perkinscoie.com
E-mail: jdini@perkinscoie.com

Attorneys for Plaintiff
The Pokémon Company International, Inc.

MOTION FOR ADDITIONAL DISCOVERY
(No. 2:19-cv-1911) – 7

146905697.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000