THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE POKÉMON COMPANY
INTERNATIONAL, INC., a Delaware
corporation,

Plaintiff,

v.

JOHN/JANE DOES 1–3,

Defendants.

No. 19-cv-1911MJP

PLAINTIFF THE POKÉMON COMPANY
INTERNATIONAL, INC.'S MOTION TO
EXTEND THE DEADLINES FOR
SERVICE & THE JOINT STATUS REPORT

NOTE ON MOTION CALENDAR:
February 14, 2020

Plaintiff, The Pokémon Company International, Inc. ("TPCi"), moves this Court under Federal Rule of Civil Procedure 4(m) for a 90-day extension of the deadline to serve Defendants.[1]  TPCi also seeks a 90-day extension of the Joint Status Report deadline as well as all associated deadlines.

Defendants leaked more than a dozen images from TPCi's *Pokémon Sword and Shield: The Official Galar Region Strategy Guide* ("Strategy Guide"), which TPCi created to accompany

---

[1] TPCi has been in communication with counsel for Doe 2 (Discord username "DimensioNz") and Doe 3 (Discord username "Uxinator") and anticipates resolving the case as to those defendants soon.  Declaration of Holly M. Simpkins ("Simpkins Decl.") ¶ 5.  If the case resolves as to Does 2 and 3, the only defendant remaining would be Doe 1, the individual currently known by Discord username "WolfenX."

MOTION TO EXTEND DEADLINES
(No. 19-cv-1911MJP) – 1

147109312.5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

the release of two highly anticipated video games, Pokémon Sword and Pokémon Shield.  TPCi sued Defendants on November 22, 2019 and since then has diligently sought to identify Defendants, including by serving multiple third-party subpoenas.  Because TPCi is still awaiting responses to the most recent subpoenas, TPCi seeks a 90-day extension of time to serve Defendants.

## I.      BACKGROUND

### A.      TPCi and Its Trade Secrets

TPCi is an internationally renowned media franchise centered on fictional Pokémon characters featured in video games, trading cards, animated television shows, movies, comic books, toys, apparel, and accessories.  Compl. ¶ 11.  TPCi worked with GAME FREAK and Nintendo during development of the most recent video games, Pokémon Sword and Pokémon Shield, which were released on November 15, 2019.  *Id.* ¶¶ 14–15.  TPCi developed an official strategy guide, *Pokémon Sword & Pokémon Shield: The Official Galar Region Strategy Guide*, for Pokémon Sword and Pokémon Shield, which was released on November 22, 2019.  *Id.* ¶¶ 21–22.  The Strategy Guide contains information and images of characters from Pokémon Sword and Pokémon Shield that TPCi and its partners worked to keep secret prior to the games' launch.  *Id.* ¶ 23.

### B.      Defendants' Wrongdoing

On November 1 and 2, 2019, Defendants worked together to leak more than a dozen images from the Strategy Guide.  *Id.* ¶ 30.  It appears that one of the Defendants used a cell phone to surreptitiously take pictures of the Strategy Guide and then worked with the other Defendants to post the images on Discord.  *See id.* ¶¶ 31–39; Exs. 1–38.  With these posts, Defendants disclosed images of multiple Pokémon and their attributes, as well as new evolutions for existing Pokémon.  This information had not previously been revealed to the public.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

**C.      TPCi's Investigation**

2       TPCi investigated the Discord servers where the images were leaked to identify the key

3   players, hired an outside forensic investigator to assist in its search for the source, and used open-

4   source search engines to attempt to identify the leakers.  Simpkins Decl. ¶ 2.  Unable to

5   definitively identify Defendants, TPCi filed a motion, contemporaneously with its Complaint,

6   seeking the Court's leave to serve subpoenas to Discord, 4chan, and a Discord user connected to

7   the leaks.  Dkt. No. 3.  On December 10, 2019, the Court granted TPCi's motion.  Dkt. No. 5.

8   Shortly thereafter, TPCi served subpoenas on each of these targets to obtain information

9   reasonably likely to identify them so that TPCi could effectuate service.  Simpkins Decl. ¶ 3.

10   After receiving and reviewing the subpoena responses, TPCi was unable to definitively identify

11   Discord users WolfenX (Doe 1) and Uxinator (Doe 3).  TPCi then filed an additional motion on

12   January 21, 2020 seeking leave to serve third-party subpoenas on two internet service providers,

13   and an email service provider.[2]  Dkt. No. 9.

14       The Court granted TPCi's request on January 30, 2020.  Dkt. No 11.  The subpoenas

15   were served on January 31 and February 3 with return dates of February 18, 2020.  Simpkins

16   Decl. ¶ 4.  TPCi now awaits responses that it believes will provide identifying information for

17   WolfenX and Uxinator.  *Id.*  To the extent these subpoena responses do not provide information

18   sufficient to identify WolfenX and Uxinator, TPCi may need to serve additional third-party

19   subpoenas, as permitted by this Court.  *See* Dkt. No. 11.  Because the response dates for the

20   subpoenas are only two days before the February 20, 2020 deadline to serve Defendants, and

21   TPCi may not receive complete responses by that date, TPCi seeks a 90-day extension of the

22   deadline for service as well as for the filing of the Joint Status Report and associated deadlines.

23

24

25

26       [2] Although TPCi has been unable to identify WolfenX, it has learned of an email address associated with that username.  TPCi will send a copy of this motion and its supporting papers to the email address for WolfenX as well as to counsel for Does 1 and 2.  Simpkins Decl. ¶ 6.

MOTION TO EXTEND DEADLINES
(No. 19-cv-1911MJP) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## II.     ARGUMENT

### A.     Good Cause Exists to Extend the Deadline for Service

Under Federal Rule of Civil Procedure 4(m), a plaintiff must serve a defendant within ninety days after the filing of the complaint. Fed. R. Civ. P. 4(m).  But "the court must extend the time for service for an appropriate period" if the plaintiff shows good cause.  *Id.*  Alternatively, the Court has broad discretion to grant an extension of time to serve even without a showing of good cause.  *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001); *Grassmueck v. Bensky*, No. C04-2016MJP, 2006 WL 448909, at *2–3 (W.D. Wash. Feb. 22, 2006) (citing *United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004)).  To demonstrate that good cause exists, the court may require plaintiff to show "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed."  *In re Sheehan*, 253 F.3d at 512 (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).  The Ninth Circuit observes that "good cause" may include the following circumstances: (1) where the defendant has evaded service; (2) where service was attempted but not completed; (3) where the plaintiff was confused by the requirements for service of process; and (4) where plaintiff was prevented from effective service "by factors beyond his control."  *See Wei v. Hawaii*, 763 F.2d 370, 371–72 (9th Cir. 1985).

Good cause exists here.  TPCi has diligently attempted to identify Defendants.  TPCi investigated the Discord servers on which Defendants leaked the Strategy Guide images, hired private forensic investigators to aid TPCi in its investigation, and used other open-source search methods available to identify Defendants.  Simpkins Decl. ¶ 2.  Contemporaneous with the filing of this lawsuit, TPCi moved for, and this Court granted, expedited discovery to subpoena third parties that TPCi believed to have identifying information.  Dkt. No. 5.  TPCi promptly served these subpoenas in mid-December, and by mid-January had received responses to each subpoena.  Simpkins Decl. ¶ 3.  Still unable to identify key players in the Strategy Guide leak, TPCi sought leave to serve additional subpoenas.  This Court granted that motion on January 30,

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

2020.  Dkt. No. 11.  TPCi promptly served the subpoenas and now awaits responses.  Simpkins Decl. ¶ 4.  Although TPCi has successfully identified one of the Defendants, TPCi has not been able to definitively identify and serve the remaining Defendants, WolfenX and Uxinator.  *See Zoosk, Inc. v. Dyle*, No. C10-04545LB, 2011 WL 635279, at *2 (N.D. Cal. Feb. 11, 2011) (granting motion for extension of time to serve defendants where the deadline established by Court order for ISP's production of subscriber information related to target IP address was after plaintiff was required to serve defendants).

The remaining good cause factors also support TPCi's requested extension.  First, TPCi has been contacted by counsel for Does 2 and 3, and those Defendants have actual notice of this lawsuit.  Simpkins Decl. ¶ 5.  And, through the most recent subpoena responses, TPCi has learned of an email address for Doe 1 and will send Doe 1 a copy of this motion, its supporting papers, and the Complaint.  *Id.* ¶ 6.  Second, Defendants would not suffer prejudice from an extension because the case is in its early stages and any delay in service would be brief.  *Grassmueck*, 2006 WL 448909, at *3.  Third, TPCi would be prejudiced if this case were dismissed because it would not be able to seek redress from Defendants, and the resources TPCi invested in investigating the leak, bringing this action, and attempting to serve Defendants would be wasted.

Even if a plaintiff does not show good cause, the Court may exercise its discretion to extend the time for service.  *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009); *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003).  The discretionary factors include: the statute of limitations, prejudice to the defendants, actual notice of the lawsuit, and eventual service.  *Ecret v. Black Diamond*, No. C07-171RSL, 2007 WL 2743432, at *3–4 (W.D. Wash. Sept. 17, 2007).  Here there is little, if any, prejudice to Defendants as the case is in its early stages, the proposed delay in service would be minimal, and TPCi will promptly serve WolfenX (and the other Defendants if the current discussions do not result in resolution) when it obtains identifying information.

MOTION TO EXTEND DEADLINES
(No. 19-cv-1911MJP) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**B.      Good Cause Exists to Extend the Joint Status Report and Related Deadlines**

A motion to extend the deadline for the Joint Status Report and related activities may be granted for good cause.  *See* Fed. R. Civ. P. 6(b)(1).  Good cause exists here.  The Joint Status Report is due March 3, 2020.  Dkt. No. 7.  Because TPCi is still working to locate and serve Defendants, it would be premature to hold a Case Management Conference, serve initial disclosures, or submit a Joint Status Report.  Accordingly, in the interest of justice and to enhance judicial efficiency and preserve resources, TPCi respectfully requests that the deadline for the Joint Status Report be extended approximately 90 days to June 1, 2020, with all related deadlines to be extended accordingly.

### III.      CONCLUSION

For the foregoing reasons, TPCi respectfully requests that the Court grant TPCi's motion for a 90-day extension to serve Defendants and to extend the Joint Status Report deadline as well as all related deadlines.

DATED this 6th day of February, 2020.

<u>s/ Holly M. Simpkins</u>
Holly M. Simpkins, WSBA No. 33297
Lauren W. Staniar, WSBA No. 48741
Jacob P. Dini, WSBA No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
E-mail:  hsimpkins@perkinscoie.com
E-mail:  lstaniar@perkinscoie.com
E-mail:  jdini@perkinscoie.com

Attorneys for Plaintiff
The Pokémon Company International, Inc.

MOTION TO EXTEND DEADLINES
(No. 19-cv-1911MJP) – 6

147109312.5