THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE POKÉMON COMPANY
INTERNATIONAL, INC., a Delaware
corporation,

        Plaintiff,

    v.

BRYAN GARCIA CRUZ, an individual,

        Defendant.

No. 19-cv-1911MJP

AMENDED COMPLAINT
WITH JURY DEMAND

Plaintiff The Pokémon Company International, Inc. ("Plaintiff" or "TPCi"), by and through its undersigned attorneys, for its Amended Complaint against Defendant Bryan Garcia Cruz ("Defendant") hereby alleges and avers as follows:

## INTRODUCTION

1.     TPCi brings this action against Defendant to protect its valuable trade secrets. Defendant stole trade secrets from TPCi by taking illicit pictures of pages from an unreleased strategy guide created to accompany the release of two highly anticipated video games, Pokémon Sword and Pokémon Shield.  The pictures revealed never-before-seen Pokémon and evolutions of Pokémon that TPCi and its partners intended to keep secret until the games' release on

AMENDED COMPLAINT
(No. 19-cv-1911MJP) –1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

November 15, 2019.  Over the course of 15 hours on November 1 and 2, 2019, Defendant disseminated TPCi's trade secrets on the Internet, causing TPCi harm.

2.     Trade secrets are a form of intellectual property that provide legal protection for commercially valuable business and technical information that: (a) has been the subject of reasonable efforts to maintain its secrecy, and (b) derives independent economic value from not being generally known or readily ascertainable.  Both the Defend Trade Secrets Act ("DTSA") and the Washington Uniform Trade Secrets Act ("WUTSA") protect trade secrets from misappropriation, which is the unauthorized acquisition, use, or disclosure of a trade secret.

3.     TPCi owns valuable trade secrets in the images and content of the unreleased strategy guide for Pokémon Sword and Pokémon Shield.  Before TPCi and its partners release a new game, they keep key components of that game—including certain of the new and returning Pokémon—secret.

4.     There is value in this secrecy.  The videogame industry is highly competitive with thousands of new games released annually.  To maximize consumer interest and excitement in new Pokémon games, TPCi and its partners carefully time announcements about new Pokémon, features and functionality.  When individuals disclose these details without TPCi's or its partners' consent (commonly called "leaks" or "spoilers") they threaten this value and undermine the carefully cultivated excitement and interest TPCi and its partners have worked so hard to generate.  It also ruins the surprise for hundreds of thousands of Pokémon fans who are eagerly anticipating the release of the new game.

5.     TPCi seeks to hold Defendant responsible for his misappropriation of TPCi's confidential and trade secret information, and requests all appropriate relief including but not limited to injunctive and monetary relief, damages, an accounting, and attorneys' fees.

## PARTIES

6.     TPCi is a Delaware corporation with its principal place of business at 10400 NE 4th Street, Suite 2800, Bellevue, Washington, 98004.

AMENDED COMPLAINT
(No. 19-cv-1911MJP) –2

LEGAL147583987.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

7.     On information and belief, Bryan Garcia Cruz is an individual residing in Riverview, Florida.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over the subject matter of Plaintiff's federal claim under 28 U.S.C. § 1331 and 18 U.S.C. § 1836(c) because the claims arise under the DTSA, 18 U.S.C. §§ 1832, *et seq*.  This Court has supplemental jurisdiction over Plaintiff's related state law claim under 28 U.S.C. § 1367(a).

9.     Personal jurisdiction over Defendant is proper in this Court.  As more fully set forth below, Defendant misappropriated TPCi's valuable trade secrets and exposed those trade secrets on the Internet, undermining their inherent economic value.  Defendant directed his actions to Washington.  Defendant knew or should have known that the impact of his intentional acts would cause harm in this state, where TPCi is headquartered.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and has harmed TPCi in this judicial district.

## FACTS AND BACKGROUND

### A.     The Pokémon Franchise

11.     TPCi is an internationally renowned media franchise centered on fictional Pokémon characters featured in video games, trading cards, animated television shows, movies, comic books, toys, apparel, and accessories (collectively the "Pokémon Universe").

12.     A key part of the Pokémon Universe is the Pokémon video game series, a group of role-playing games that challenges players to capture, train, battle and trade Pokémon with the goal of becoming a champion Pokémon Trainer.

13.     New generations of Pokémon characters are introduced through the release of video games in the series.  When new video games are launched, they feature new Pokémon, characters, landscape, and gameplay that define the generation.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

14.     The first generation of Pokémon launched in 1996 with Pokémon Red and Pokémon Blue, developed by GAME FREAK and published by Nintendo.  TPCi worked on later games including the games in the seventh and most recent generation, Pokémon Sun and Pokémon Moon, launched in 2016.  The games in this series are wildly popular and have been played by millions worldwide.

15.     In early 2019, TPCi's partners announced that the eighth generation of Pokémon would begin in late 2019 with the launch of two new games, Pokémon Sword and Pokémon Shield.  Pokémon Sword and Pokémon Shield were released simultaneously worldwide on November 15, 2019.

16.     To create excitement and engagement surrounding the release and maximize interest in Pokémon Sword and Pokémon Shield, the timing of the announcements and ultimate release were carefully planned.  For example, to encourage fan engagement around and interest in the games, teasers were released in the summer and fall of 2019 that described several of the new Pokémon available exclusively in Pokémon Sword and Pokémon Shield.

17.     Among the most exciting parts of Pokémon Sword and Pokémon Shield are the new landscapes, features, and Pokémon available in the games.  The games chronicle the main character's journey through the Galar region, a new Pokémon setting inspired by the United Kingdom.  The player aims to gain prominence by collecting, trading, and battling Pokémon. The player's goal is to defeat the reigning champion trainer and seize that title for him or herself.

18.     Pokémon Sword and Pokémon Shield introduce several highly anticipated new features.  These include functions known as Dynamax and Gigantamax that increase the size (Dynamax) and change form (Gigantamax) of Pokémon to make them stronger for battle.  While all Pokémon can be Dynamaxed, only certain Pokémon can be Gigantamaxed and they can be found only through certain events in Galar.

19.     The games also introduces the "Wild Area" that permits the player to explore freely while controlling the camera, which enables optimal movement.  Players in the Wild Area

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

can band together to defeat powerful Pokémon, a feature called co-op battling.  Players can also join together in Pokémon camps, where, among other things, they interact with each other's Pokémon.

20.     Pokémon Sword and Pokémon Shield introduce new species of Pokémon that players can collect, train, and deploy in battles against competitors.  Discovering new Pokémon in the Galar region is part of the thrill of the games.

**B.     The Pokémon Sword and Pokémon Shield Strategy Guide**

21.     TPCi developed an official strategy guide to accompany the release of Pokémon Sword and Pokémon Shield, called *Pokémon Sword & Pokémon Shield: The Official Galar Region Strategy Guide* ("Strategy Guide").  The Strategy Guide includes tips and tricks on how to play the game as well as images of Galar Pokémon.  There is also a collector's edition of the Strategy Guide.  The collector's edition of the Strategy Guide is shown below:



22.     The Strategy Guide was available for purchase on November 22, 2019, one week after TPCi and its partners released Pokémon Sword and Pokémon Shield.

**C.     The Unreleased Strategy Guide Contained TPCi's Trade Secrets**

23.     The Strategy Guide contains components of Pokémon Sword and Pokémon Shield that TPCi worked diligently to keep secret prior to the games' launch.  This includes images and descriptions of Pokémon released for the first time in Pokémon Sword and Pokémon Shield.  It

AMENDED COMPLAINT
(No. 19-cv-1911MJP) –5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

also includes images of new evolutions for existing Pokémon, that is, forms the Pokémon assume as they gain experience and strength.

24.     The Strategy Guide also reveals which Pokémon can be Gigantamaxed and where in Galar players can deploy this feature.  This enables players who purchase the Strategy Guide to collect and train Pokémon they know can grow to become powerful in battle.

25.     The Strategy Guide collector's edition contains bonus features such as exclusive artwork and images of Galar Pokémon.

26.     Prior to the official release of Pokémon Sword and Pokémon Shield, information about the games' content was treated with utmost secrecy.  For example, TPCi performed background checks on employees, stored game content files on secure computers, restricted access to game working files to a limited number of individuals (who could only gain access to files by entering a username and password), allowed those individuals to transfer game files using only secured methods, used digital measures to trace and mark files to prevent unauthorized access, and required users with access to game files to sign non-disclosure agreements.  Additionally, access to TPCi's offices were restricted by key card.

27.     These measures also applied to the Strategy Guide.  In addition, TPCi required contractors who work on Strategy Guide content to sign non-disclosure agreements.  This included contractors who worked where any Strategy Guides were stored.

28.     TPCi did not allow copies or proofs of the Strategy Guide to be printed at its offices.  Physical copies of the Strategy Guide were created during the production process, which was handled by vendors.  Each production vendor signed a non-disclosure agreement and provided an elevated security plan.  Printed copies of the Strategy Guide were kept in secure areas with limited access where the books were concealed under tarps.  Only production facility employees with proper security clearance had access to the Strategy Guide during the production process.  Those with permission to access the secured areas were not permitted to bring in cellular phones or cameras.

AMENDED COMPLAINT
(No. 19-cv-1911MJP) –6

LEGAL147583987.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

29.     TPCi derived significant economic value from maintaining the secrecy of details of Pokémon Sword and Pokémon Shield and the Strategy Guide prior to the games' release.  The company's and its partners' carefully planned and timed publicity strategy stokes a swell of media interest and fan enthusiasm that results in a substantial number of players purchasing the games.  For example, TPCi partner GAME FREAK released a 16-minute video on June 6 that teases key features of Pokémon Sword and Pokémon Shield.  The video has more than 4.2 million views and 125,000 likes on YouTube.[1]  An earlier video that announced Pokémon Sword and Pokémon Shield and promised their release in late 2019 garnered nearly 6 million views and more than 180,000 likes.

**D.     Defendant Stole Trade Secrets from the Strategy Guide and Leaked Them on the Internet**

30.     On or about November 1, 2019, Defendant began releasing pictures of TPCi's unreleased Strategy Guide that disclosed numerous never-before-seen Pokémon, including their special forms and attributes.

31.     At approximately 7:28 p.m. (PDT),[2] Defendant worked with others to post the first leaked picture of a new Pokémon, Gigantamax Machamp, on Discord, a free platform that provides text, image, video, and audio communications between users in a chat channel.  A screenshot of the message with the first Discord Strategy Guide leak is attached as Exhibit 1, and the image that appears after clicking the .jpg hyperlink in the message is attached as Exhibit 2.



---

[1] https://www.youtube.com/watch?v=PpjVUOJkX-s&list=PL2JiZAV5BmDXWAFFFoDmnBipVPC-wuoVP&index=7&t=0s.

[2] The screenshots of the Discord posts contain time stamps that are shown in Universal Time Coordinated ("UTC").  PDT is 7 hours behind UTC.

AMENDED COMPLAINT
(No. 19-cv-1911MJP) –7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000



32.     Over the course of the next 15 hours, Defendant and those working with him posted an additional 18 pictures from the unreleased Strategy Guide on Discord.  These 18 posts are attached as Exhibits 3-38.  The following are select examples of the Discord messages, with the corresponding images immediately below:



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1



33.     Several of the images Defendant leaked are present only in the collector's edition of the Strategy Guide.  *See* Exs. 8, 14, 32.

34.     Discord enables its users to post anonymously.  Discord users need only an email address to create an account and they create usernames to communicate on the platform.  A user can change the username associated with their account at any time, making it more difficult to track a specific Discord user.

35.     Once posted on Discord, the leaked pictures rapidly spread across the Internet. Within minutes of the first post for each picture, the picture was re-posted on 4chan (an Internet forum where users can post and comment on images anonymously) and then on a dedicated forum on Reddit for leaked information regarding Pokémon Sword and Pokémon Shield.

36.     For example, 17 minutes after Defendant leaked the first picture on Discord, it was posted on 4chan:[3]

---

[3] Like the Discord posts, the 4chan post time stamp is on UTC.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1



2

3

4

5

37.     And within 27 minutes of the original Discord post, the picture was already on

6

Reddit:[4]

7



8

9

10

11

12

13

14

15

16

17

18

38.     From there, the pictures quickly reached a worldwide audience across the

19

Internet.

20

39.     TPCi reacted swiftly.  It identified over 300 URLs on dozens of platforms that

21

linked to websites containing the leaked Strategy Guide pictures.  The leaked pictures appeared

22

on mainstream social media platforms such as Facebook, Twitter, and Imgur, as well as popular

23

video game news outlets such as Polygon and Dot Esports, and numerous Nintendo-focused

24

forums and blogs.

25

26

---

[4] The screenshot of the Reddit post contains a time stamp shown in PDT, which is 7 hours behind UTC.

AMENDED COMPLAINT
(No. 19-cv-1911MJP) –10

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

40.     In an effort to mitigate the damage caused by Defendant's leaks, TPCi submitted takedown requests to the platforms to remove the leaked images.

41.     Defendant disclosed images of multiple Pokémon, the Gigantamax form for certain Pokémon, and the attributes (such as type and weaknesses) for others.  This information had previously never been revealed to the public—TPCi kept it secret to build anticipation for the release of Pokémon Sword and Pokémon Shield.

42.     Defendant's trade secret theft and subsequent leak harmed TPCi by disrupting its ability to market Pokémon Sword and Pokémon Shield and the Strategy Guide, reducing the fan interest and engagement TPCi and its partners generate by keeping key elements of the games secret, and disclosing certain of the contents of the unreleased Strategy Guide, which gamers purchase to obtain the information Defendant leaked.

**FIRST CAUSE OF ACTION**
**(Violation of the Defend Trade Secrets Act, 18 U.S.C. §§ 1832, *et seq.*)**

43.     TPCi repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

44.     TPCi owned and/or possessed certain confidential and trade secret information relating to the Pokémon Sword and Pokémon Shield video games, including non-public information concerning new characters, developments, features, and functionality in Pokémon Sword and Pokémon Shield.

45.     TPCi's confidential and trade secret information relates to products and services that are used, sold, shipped and/or ordered in, or that are intended to be used, sold, shipped and/or ordered in, interstate or foreign commerce.

46.     TPCi and its partners took reasonable steps to protect the secrecy of its confidential and trade secret information, including the secrecy of the information Defendant misappropriated.  For example, TPCi conducted background checks on employees, stored game content files on secure computers, restricted access to game working files to a limited number of

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

individuals (who can only gain access to files by entering a username and password), allowed those individuals to transfer game files using only secured methods, used digital measures to trace and mark files to prevent unauthorized access, and required users with access to game files to sign non-disclosure agreements.  Additionally, access to TPCi's offices were restricted by key card.

47.     Further, TPCi required contractors who worked on the Strategy Guide content to sign non-disclosure agreements.  This included contractors who worked where any Strategy Guides were stored.

48.     TPCi's confidential and trade secret information derived independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

49.     Defendant misappropriated TPCi's confidential and trade secret information by, *inter alia*, acquiring it, using it, and disclosing it to third parties without TPCi's consent.  This includes taking surreptitious pictures of the Strategy Guide and working with others to disseminate that confidential information over the Internet to a wide audience of would-be customers.

50.     Defendant's conduct has caused irreparable injury to TPCi.

51.     Defendant's misappropriation of TPCi's confidential and trade secret information has also caused TPCi substantial injury, including, *inter alia*, actual damages, lost profits, harm to reputation, competitive harm, and diminution in value of its trade secrets.  Defendant's misappropriation was also willful and malicious.

52.     As a result of the foregoing, TPCi has been damaged and is entitled to damages in an amount to be proven at trial, as well as injunctive relief and an award of exemplary damages and attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(C)-(D).

AMENDED COMPLAINT
(No. 19-cv-1911MJP) –12

## SECOND CAUSE OF ACTION
### (Violation of the Washington Uniform Trade Secrets Act, RCW 19.108.010 *et seq.*)

53.     TPCi repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

54.     TPCi owned and/or possessed certain confidential and trade secret information relating to the Pokémon Sword and Pokémon Shield video games, including non-public information concerning new characters, developments, features, and functionality in Pokémon Sword and Pokémon Shield.

55.     TPCi's confidential and trade secret information derived independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who could obtain economic value from its disclosure or use.

56.     TPCi and its partners took steps reasonable under the circumstances to protect the secrecy of its confidential and trade secret information, including the secrecy of the information Defendant misappropriated.  For example, TPCi conducted background checks on employees, stored game content files on secure computers, restricted access to game working files to a limited number of individuals (who can only gain access to files by entering a username and password), allowed those individuals to transfer game files using only secured methods, used digital measures to trace and mark files to prevent unauthorized access, and required users with access to game files to sign non-disclosure agreements.  Additionally, access to TPCi's offices were restricted by key card.

57.     Further, TPCi required contractors who work on the Strategy Guide content to sign non-disclosure agreements.  This includes contractors who work where any Strategy Guides are stored.

58.     Defendant misappropriated TPCi's confidential and trade secret material by acquiring TPCi's trade secrets through improper means, including by improperly gaining access to a copy of the unreleased Strategy Guide and photographing it without TPCi's consent.

AMENDED COMPLAINT
(No. 19-cv-1911MJP) –13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

LEGAL147583987.2

Defendant worked with others to widely disclose TPCi's trade secrets without TPCi's express or implied authorization by posting images of the Strategy Guide on the Internet. At the time of this disclosure, Defendant knew or had reason to know that the unreleased Strategy Guide images were trade secrets.

59.    Defendant's conduct has caused irreparable injury to TPCi.

60.    Defendant's misappropriation of TPCi's confidential and trade secret information has also caused TPCi substantial injury, including, *inter alia*, actual damages, lost profits, harm to reputation, competitive harm, and diminution in value of its trade secrets. Defendant's misappropriation was also willful and malicious.

61.    As a result of the foregoing, TPCi has been damaged and is entitled to damages in an amount to be proven at trial, as well as injunctive relief and an award of attorneys' fees pursuant to RCW 19.108.040.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), plaintiff demands a trial by jury as to all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff The Pokémon Company International, Inc., prays for the following relief:

    A.  For compensatory damages for all losses caused by Defendant's wrongful conduct;

    B.  For monetary relief, including actual damages and equitable relief due to Defendant's wrongful conduct pursuant to 18 U.S.C. § 1836(b)(3)(B)(i) and RCW 19.108.030;

    C.  For punitive and exemplary damages pursuant to 18 U.S.C. § 1836(b)(3)(C);

    D.  For reasonable attorneys' fees and costs pursuant to 18 U.S.C. § 1836(b)(3)(D) and RCW 19.108.040;

AMENDED COMPLAINT
(No. 19-cv-1911MJP) –14

LEGAL147583987.2

1       E.  For permanent injunctive relief to prevent Defendant from making any further

2            use, disclosure or other misappropriation of TPCi's confidential and trade

3            secret information;

4       F.  For an award of prejudgment interest and costs of suit to the extent permitted

5            by law; and

6       G.  For such other relief as the Court may deem just and proper.

7

8  DATED this 26th day of March, 2020     By:  s/ *Holly M. Simpkins*
                                           Holly M. Simpkins, WSBA No. 33297

9                                     Lauren W. Staniar, WSBA No. 48741
                                     Jacob P. Dini, WSBA No. 54115

10                                    **Perkins Coie LLP**

11                                    1201 Third Avenue, Suite 4900
                                     Seattle, WA  98101-3099

12                                    Telephone:  206.359.8000
                                    Facsimile:  206.359.9000

13                                    Email:  HSimpkins@perkinscoie.com
                                    Email:  LStaniar@perkinscoie.com

14                                    Email:  JDini@perkinscoie.com

15                                    Attorneys for Plaintiff

16                                    The Pokémon Company International, Inc.

17

18

19

20

21

22

23

24

25

26

AMENDED COMPLAINT
(No. 19-cv-1911MJP) –15

LEGAL147583987.2