THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE POKÉMON COMPANY INTERNATIONAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN GARCIA CRUZ, an individual,<br><br>Defendant. | No. 19-cv-1911MJP<br><br>PLAINTIFF THE POKÉMON COMPANY INTERNATIONAL, INC.'S MOTION TO EXTEND THE DEADLINES FOR SERVICE & THE JOINT STATUS REPORT<br><br>NOTE ON MOTION CALENDAR:<br>May 15, 2020 |

Plaintiff, The Pokémon Company International, Inc. ("TPCi"), moves this Court under Federal Rule of Civil Procedure 4(m) for a 60-day extension of the deadline to serve Defendant Bryan Garcia Cruz. TPCi also seeks a 60-day extension of the Joint Status Report deadline as well as all associated deadlines.

Mr. Cruz leaked more than a dozen images from TPCi's *Pokémon Sword and Shield: The Official Galar Region Strategy Guide* ("Strategy Guide"), which TPCi created to accompany the release of two highly anticipated video games, Pokémon Sword and Pokémon Shield. TPCi sued then-anonymous John/Jane Doe Defendants on November 22, 2019 and on March 26, 2020 amended its complaint to name Mr. Cruz. When the Court issued the summons the next day, TPCi promptly sent a letter to Mr. Cruz requesting that he waive service. Although Mr. Cruz

MOTION TO EXTEND DEADLINES
(No. 19-cv-1911MJP) – 1

148142532.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

claims to have recently sent the signed waiver of service to TPCi, TPCi has not received it. Because TPCi is still awaiting the waiver of service, TPCi seeks a 60-day extension of time to serve Mr. Cruz.

## I. BACKGROUND

### A. TPCi and Its Trade Secrets

TPCi is an internationally renowned media franchise centered on fictional Pokémon characters featured in video games, trading cards, animated television shows, movies, comic books, toys, apparel, and accessories. Am. Compl. ¶ 11. TPCi worked with GAME FREAK and Nintendo during development of the most recent video games, Pokémon Sword and Pokémon Shield, which were released on November 15, 2019. *Id.* ¶¶ 14–15. TPCi developed an official strategy guide, *Pokémon Sword & Pokémon Shield: The Official Galar Region Strategy Guide*, for Pokémon Sword and Pokémon Shield, which was released on November 22, 2019. *Id.* ¶¶ 21–22. The Strategy Guide contains information and images of characters from Pokémon Sword and Pokémon Shield that TPCi and its partners worked to keep secret prior to the games' launch. *Id.* ¶ 23.

### B. Defendant's Wrongdoing

On November 1 and 2, 2019, Mr. Cruz worked with others to leak more than a dozen images from the Strategy Guide. *Id.* ¶ 30. It appears that a cell phone was used to surreptitiously take pictures of the Strategy Guide and then, Mr. Cruz, working with the other defendants, posted the images on Discord. *See id.* ¶¶ 31–39; Exs. 1–38. With these posts, multiple Pokémon and their attributes were disclosed, as well as new evolutions for existing Pokémon. This information had not previously been revealed to the public.

### C. TPCi's Identification of Doe Defendants

TPCi investigated the Discord servers where the images were leaked to identify the key players, hired an outside forensic investigator to assist in its search for the source, and used open-source search engines to attempt to identify the leakers. Simpkins Decl. ¶ 2. In addition, this

MOTION TO EXTEND DEADLINES
(No. 19-cv-1911MJP) – 2

148142532.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Court granted TPCi's two requests to serve third-party subpoenas on the platforms where the images were leaked, internet service providers connected to the accounts responsible for the leaked images, and an email service provider. Dkt. Nos. 5, 11. Through its efforts, TPCi was able to identify the three Doe Defendants, two defendants have now been dismissed and the complaint has been amended to name Mr. Cruz. Dkt. Nos. 14, 16, 17.

TPCi filed its Amended Complaint on March 26, 2020, and the Court issued the summons on March 27, 2020. Dkt. Nos. 17, 18. That day, TPCi's counsel sent (via U.S. mail and email) a packet of documents to Mr. Cruz, including, among other items, a request to waive service of the summons. Simpkins Decl. ¶ 3. In late April, Mr. Cruz and TPCi's counsel exchanged communications regarding the request to waive service. Mr. Cruz claims he has signed and returned the waiver of service of summons by U.S. Mail. *Id.* ¶ 4. As of the date of this motion, however, TPCi has not received the signed waiver of service. *Id.*

TPCi now seeks a 60-day extension of the deadline for service as well as for the filing of the Joint Status Report and associated deadlines to allow it time to receive the signed waiver or, if the waiver is not forthcoming, serve Mr. Cruz by personal service.

## II.     ARGUMENT

### A.     Good Cause Exists to Extend the Deadline for Service

Under Federal Rule of Civil Procedure 4(m), a plaintiff must serve a defendant within ninety days after the filing of the complaint. Fed. R. Civ. P. 4(m). But "the court must extend the time for service for an appropriate period" if the plaintiff shows good cause. *Id.* Alternatively, the Court has broad discretion to grant an extension of time to serve even without a showing of good cause. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001); *Grassmueck v. Bensky*, No. C04-2016MJP, 2006 WL 448909, at *2–3 (W.D. Wash. Feb. 22, 2006) (citing *United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004)). To demonstrate that good cause exists, the court may require plaintiff to show "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be

MOTION TO EXTEND DEADLINES
(No. 19-cv-1911MJP) – 3

148142532.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

severely prejudiced if his complaint were dismissed." *In re Sheehan*, 253 F.3d at 512 (citing *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). The Ninth Circuit observes that "good cause" may include the following circumstances: (1) where the defendant has evaded service; (2) where service was attempted but not completed; (3) where the plaintiff was confused by the requirements for service of process; and (4) where plaintiff was prevented from effective service "by factors beyond his control." *See Wei v. Hawaii*, 763 F.2d 370, 371–72 (9th Cir. 1985).

Good cause exists here. First, TPCi has communicated with Mr. Cruz regarding its request for waiver of service, which included sending Mr. Cruz copies of the Amended Complaint, Civil Case Coversheet, Summons, Rule 7.1 Corporate Disclosure Statement for TPCi, several orders affecting the case schedule, and the docket report. Simpkins Decl. ¶ 3. Mr. Cruz has notice of the lawsuit. Second, Mr. Cruz would not suffer prejudice from an extension because the case is in its early stages and Mr. Cruz will be promptly personally served if he has not, in fact, waived service. *Grassmueck*, 2006 WL 448909, at *3. Third, TPCi would be prejudiced if this case were dismissed because it would not be able to seek redress from Mr. Cruz, and the resources TPCi invested in investigating the leak, bringing this action, and attempting to serve Mr. Cruz would be wasted.

Even if a plaintiff does not show good cause, the Court may exercise its discretion to extend the time for service. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009); *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003). The discretionary factors include: the statute of limitations, prejudice to the defendants, actual notice of the lawsuit, and eventual service. *Ecret v. City of Black Diamond*, No. C07-171RSL, 2007 WL 2743432, at *3–4 (W.D. Wash. Sept. 17, 2007). Here there is little, if any, prejudice to Mr. Cruz as the case is in its early stages, the proposed delay in service would be minimal, and TPCi will promptly serve Mr. Cruz if it does not receive the waiver of service in the next week.

MOTION TO EXTEND DEADLINES
(No. 19-cv-1911MJP) – 4

148142532.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**B.     Good Cause Exists to Extend the Joint Status Report and Related Deadlines**

A motion to extend the deadline for the Joint Status Report and related activities may be granted for good cause. *See* Fed. R. Civ. P. 6(b)(1). Good cause exists here. The Joint Status Report is due June 1, 2020. Dkt. No. 15. Because TPCi has not received the waiver of service or, alternatively, served Mr. Cruz, it would be premature to hold a Case Management Conference, serve initial disclosures, or submit a Joint Status Report. Accordingly, in the interest of justice and to enhance judicial efficiency and preserve resources, TPCi respectfully requests that the deadline for the Joint Status Report be extended approximately 60 days to July 31, 2020, with all related deadlines to be extended accordingly.

### III.     CONCLUSION

For the foregoing reasons, TPCi respectfully requests that the Court grant TPCi's motion for a 60-day extension to serve Mr. Cruz and to extend the Joint Status Report deadline as well as all related deadlines.

DATED this 7th day of May, 2020.

*s/ Holly M. Simpkins*
Holly M. Simpkins, WSBA No. 33297
Lauren W. Staniar, WSBA No. 48741
Jacob P. Dini, WSBA No. 54115
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
E-mail:  hsimpkins@perkinscoie.com
E-mail:  lstaniar@perkinscoie.com
E-mail:  jdini@perkinscoie.com

Attorneys for Plaintiff
The Pokémon Company International, Inc.

MOTION TO EXTEND DEADLINES
(No. 19-cv-1911MJP) – 5

148142532.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000